Williams, Judge,
delivered the opinion of the court:
The plaintiff, a lieutenant, senior grade, in the United States Navy, seeks to recover the increased rental and subsistence allowances provided by law for an officer of his rank, on account of a dependent mother from July 1, 1925, to May 9, 1932, he having been paid rental and subsistence allowances for the said period on the basis of an officer without dependents.
The petition filed on August 3, 1931, sought recovery of the allowances for the period from July 1, 1925, to that date. Since the submission of the case plaintiff has filed his amended petition bringing the claim up to the date of his marriage, May 10, 1932.
The claim is based on section 4 of the act of June 10,1922, 42 Stat. 625, which provides:
“ Section 4. That the term ' dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.”
The sole issue in this case, as in all cases arising under the provisions of the foregoing statute, is: Was the plain *608 tiff’s mother during the period of the claim in fact dependent on him for her chief support?
This court has, in Reiger v. United States, 69 C.Cls. 632, and other cases too numerous for citation here, announced the rule by which it is determined whether dependency in a given case is established within the meaning of section 4 of the act of June 10, 1922. Counsel for the Government do not challenge the correctness of the rule we have laid down, and in this case do not question the plaintiff’s right to recover. We deem it unnecessary, therefore, to comment on the instant case further than to say that the facts disclosed by the findings clearly establish the dependency of plaintiff’s mother under the uniform decisions of the court.
The claim, however, is barred by the six-year statute of limitation for the period prior to August 1, 1925.
The plaintiff is entitled to recover and judgment in his. favor in the sum of $6,028.99 is ordered to be entered.
Whaley, Judge; LittletoN, Judge/; and GkeeN, Judge, concur.
Booth, Chief Justice, did not hear this case, on account of illness, and took no part in its decision.